IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY WELCH, #16178-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv217<br>CRIMINAL ACTION NO. 4:09cr98 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant Larry Welch filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction in Case No. 4:09cr98. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On July 19, 2010, after a plea of guilty and pursuant to a written plea agreement, Movant was sentenced to 120 months of imprisonment for a conviction of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. He did not file a direct appeal.

Movant filed the present motion pursuant to § 2255, asserting that he is entitled to relief because his plea of guilty was unknowing and involuntary. Specifically, he claims his counsel was ineffective for (1) advising Movant to plead guilty or he could get life, (2) not investigating the case or listening to Movant, (3) jeopardizing the case by lying to Movant after misrepresenting the facts to the court, (4) giving bad advice, (5) failing to investigate mitigating circumstances, (6) failing to

1

challenge the government's case or advance Movant's theory of the case, (7) failing to maintain adequate communications with Movant to move or file a motion to suppress evidence, (8) failing to explain the nature of the charges, and (9) giving Movant false information, which induced Movant to sign the plea agreement. The Government filed a Response, asserting that Movant's plea was knowing and voluntary, and that his waiver is effective to bar any remaining issues. Movant filed a Reply to the Response. Movant's motion to amend his § 2255 motion was then granted, and the Government filed a Supplemental Response. In his amended motion, Movant claims that his plea was unknowing and involuntary because he did not sign it and his counsel was ineffective for allowing him to plead guilty to a plea agreement that was not signed. Movant did not file a Reply to the Supplemental Response.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under Title 28 United States Code, Section 2255. Defendant,

> however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

## Plea Agreement and Ineffective Assistance of Counsel

In the present case, Movant claims that his plea was unknowing and involuntary because it was based on trial counsel's erroneous advice concerning a prospective sentence. Because this issue affects the validity of the plea agreement, the court will first examine the circumstances surrounding his plea agreement.

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of

reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

Movant signed a plea agreement, which states:

> I have read are had read to me this Plea Agreement. I have carefully

4

> reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. Defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Agreement, each of Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in Defendant's best interest to enter this Agreement rather than proceeding to trial.

Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement." Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his signed plea agreement.

Additionally, on February 10, 2010, Movant signed a Consent to Administration of Guilty Plea. In the consent, Movant stated that he understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel. He affirmed that he understood that the court will consult the Sentencing Guidelines in assessing a sentence, but understood that the court is not bound by the guidelines. He stated that he understood that, although he may have been given a possible range of punishment, it is only an estimate, and that his punishment could be increased based on various factors. Movant affirmed that he was aware that the court is not bound by any agreements between himself and the Government. He also understood that only the United States District Judge will determine his sentence.

Furthermore, Movant stated that he was making his plea of guilty freely, and was not forced to plead guilty. He affirmed that no promises had been made to him other than what was contained

5

in the plea agreement. He stated that he was making the plea of guilty because he was guilty. Movant said he fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, and restitution. He said that he fully understood the plea agreement and has no reservations or questions concerning it.

Movant stated that he understood his appeal rights and that those rights could be limited by the terms of his plea agreement, which he fully understood. He said that he realized that he may not appeal his sentence or withdraw his plea of guilty if his sentence is greater than what he originally believed or what was told to him by counsel. He represented that he was not under the influence of any substances or medications and that he was fully competent to enter a plea before the court. He also said that if he had any questions, he knew he could freely consult with his attorney. Movant represented that he was fully satisfied with his attorney's representation. He affirmed that the Factual Statement that he signed was true and correct, and that he had reviewed it and found no material errors in what he represented to the court. He understood that his statements made in the Consent were made under the penalty of perjury.

At a sentencing hearing, held on August 19, 2010, the court asked Movant if he was telling the truth when he signed the plea agreement and the factual statement. Movant said that he was telling the truth. He also affirmed that the Judge went over the documents with him when he pleaded guilty. He admitted that he allowed his house to be used to load drugs and unload money in the conspiracy, and that he was involved in transporting drugs as well.

Finally, Findings of Fact and Recommendation on Guilty Plea were filed on February 11, 2010. In it, United States Magistrate Judge Amos L. Mazzant found that Movant, after consulting with his counsel, knowingly and voluntarily consented to the guilty plea and allocution. The court further found that Movant was fully competent and capable of entering an informed plea and that he

was aware of the nature of the charges and the consequences of the plea agreement. The court stated that the plea of guilty was a knowing and voluntary plea that was supported by an independent basis in fact containing each of the essential elements of the offenses.

In reviewing the record, this court concludes that Movant has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). However, the defendant "need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *Id*. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Abies v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1977).

Finally, Movant claims that his plea agreement was unsigned. This is not correct. A review of the record shows that Movant signed the plea agreement on January 24, 2010. His attorney also signed the plea agreement the same day. Assistant United States Attorney Heather Rattan signed the plea agreement for the Government on January 21, 2010. Furthermore, Movant stated in open court that it was his signature appear on the plea agreement. This issue is without merit.

This court concludes that Movant knowingly and voluntarily pleaded guilty – he fully understood the elements of the crime, the maximum sentencing range, and the rights he was waiving by pleading guilty. Furthermore, Movant fails to show error under the first prong of the *Strickland* test. He has failed to prove that he was given deficient or misleading advice. Thus, he cannot show that, but for trial counsel's allegedly erroneous or deficient advice, he would have taken his chances

at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Because Movant failed to prove the first *Strickland* prong, it is not necessary to analyze the second prong. However, Movant also failed to present facts from the record or citations to law that would support a claim that the outcome of his case would have been different. Therefore, he also fails to meet the second prong of the *Strickland* test.

In conclusion, Movant's waiver is effective to bar relief in this case. His sentence of 120 months did not exceed the maximum sentence of life. He also has not shown ineffective assistance of counsel that affects the validity of his waiver. Because this court has concluded that Movant's plea is knowing and voluntary, the plea agreement waiver bars relief on, or consideration of, his remaining claims, which do not fall within the exceptions allowed in Movant's waiver. Moreover, a review of the plea agreement shows that it was signed by Movant; accordingly, his assertion of an unsigned plea agreement is in error. Consequently, this motion should be denied.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve

and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of June, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE